# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2019

Lyle W. Cayce
Clerk

No. 18-40607
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO CANTU, JR., also known as Lil Rudy,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-644-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Rodolfo Cantu, Jr., appeals the sentence imposed after he pleaded guilty to possession with intent to distribute 22.02 grams of methamphetamine. He challenges the two-level enhancement under U.S.S.G. § 2D1.1(b)(2) for making a credible threat to use violence, which disqualified him from being eligible for the safety valve reduction. Cantu argues that the district court erred by enhancing his base offense level pursuant to § 2D1.1(b)(2) because the facts in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the presentence report (PSR) were vague and did not support a finding of a credible threat of violence.

We review for clear error the district court's factual finding that Cantu made a credible threat to use violence. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted). We also review for clear error the district court's reasonable inferences from the facts. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). The sentencing court was allowed to rely on the facts recounted in the presentence report (PSR) unless Cantu demonstrated by competent rebuttal evidence that the information is "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).

As stated in the PSR, Cantu, a member of the Texas Mexikan Mafia (TMM), told two arresting officers that he and the other members of the TMM knew personal information about them. He also told one officer that he should conceal his face while executing warrants and questioned why the officer continued to work in law enforcement given what the TMM knew about him. Cantu made no attempt to demonstrate by competent rebuttal evidence that the information was materially untrue. *See id.* at 230. Based on the evidence, the district court reasonably inferred that Cantu's statements to the police officers constituted a credible threat to use violence. *See Caldwell*, 448 F.3d at 290. Accordingly, the district court's finding that Cantu made a credible threat to use violence was "plausible in light of the record as a whole." *Betancourt*, 422 F.3d at 246 (internal quotation marks and citations omitted). Because a defendant qualifies for the safety valve if he, among other things, did not use

No. 18-40607

credible threats of violence, the district court did not clearly err in determining that Cantu failed to qualify for a safety valve adjustment. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; *Cisneros-Gutierrez*, 517 F.3d at 764. Accordingly, the judgment of the district court is AFFIRMED.